IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID W. EDWARDS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | 1:13-cv-2645 |
| v. | : | |
| | : | Hon. John E. Jones III |
| DELAWARE COUNTY, | : | |
| | : | |
| Defendant. | : | |

## **MEMORANDUM**

## **October 30, 2013**

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On October 28, 2013, Plaintiff David W. Edwards, an inmate presently confined at the Benner State Correctional Institute in Bellefonte, Pennsylvania ("SCI-Benner"), initiated the above action *pro se* by filing a complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff also filed a motion for leave to proceed *in forma pauperis* on the same day.[1] (Doc. 2). For the following reasons, the case will be transferred to the United States District Court for the Eastern District of Pennsylvania.

---

[1] The United States District Court for the Eastern District of Pennsylvania is advised that this Court found Plaintiff's paperwork filed with his motion for leave to proceed *in forma pauperis* to be deficient. (*See* Doc. 4). As such, the United States District Court for the Eastern District of Pennsylvania should handle Plaintiff's motion for leave to proceed *in forma pauperis.*

**I.     BACKGROUND**

In his Complaint, Plaintiff alleges that he was injured while at the Delaware County Jail when his foot hit a large nail or metal bolt sticking out of the floor. (Doc. 1, p. 2). Plaintiff alleges that the object caused major damage to his foot. (*Id.*). When Plaintiff went to the medical department at the jail, he alleges that the jail failed to provide him with any medical care. (*Id.*).

**II.     Discussion**

It is well-established that venue for civil actions wherein jurisdiction is not founded solely on diversity of citizenship is governed by 28 U.S.C. § 1391(b), which provides as follows:

> (b) Venue in general. - - A civil action may be brought in - -
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The allegations in the complaint relate to conduct which took place in Delaware County, located within the Eastern District of Pennsylvania. The Defendant is also located within the Eastern District. As such, the proper

venue for these actions is the Eastern District of Pennsylvania.  28 U.S.C. § 1391(b).

Title 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. . ."  In the instant case, where the Defendant is located in the Eastern District of Pennsylvania, and the events that gave rise to Plaintiff's claims occurred in that District, for the convenience of the parties and witnesses, and in the interest of justice, we find that it is appropriate to exercise our discretion to transfer this case to the United States District Court for the Eastern District of Pennsylvania.  An appropriate Order will enter on today's date.